UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS SMITH,<br>          Plaintiff,<br>   v.<br>CITY AND COUNTY OF SAN FRANCISCO,<br>          Defendant. | Case No. 16-cv-02894-RS<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |

**I. INTRODUCTION**

On April 16, 2010, Plaintiff Louis Smith was released from his probationary appointment as a Transit Supervisor for the San Francisco Municipal Transportation Agency ("MTA"). On September 30, 2015, more than five years later, Smith filed suit against the City and County of San Francisco ("the City" or "Defendant") alleging that the procedures for appealing his release were unconstitutional. Smith avers the City violated his First and Fourteenth Amendment rights because he did not have access to the same appeal procedures available to other classes of employees. Defendant moves for judgment on the pleadings on the basis that Smith has failed to state a claim and that his claims are untimely. The motion is granted because Smith's claims are barred by the statute of limitations. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument and the September 22, 2016, hearing will be vacated.

## II. FACTUAL BACKGROUND[1]

Smith began a probationary appointment as a Transit Supervisor for the MTA on September 8, 2009. On April 16, 2010, Smith was released from that appointment. On September 30, 2015, Smith filed a civil action against the City in San Francisco Superior Court. The City filed a demurrer, which the court sustained with leave to amend. Smith then filed an amended complaint on April 22, 2016, which included new constitutional claims. The City promptly removed the amended complaint to federal court. Although Smith's complaint is hard to decipher and states few facts, he appears to alleges that the City violated his First and Fourteenth Amendment rights by failing to offer him the same appeals procedures available to "Service Critical Class" MTA employees.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (quoting *Dunlap v. Credit Protection Ass'n, L.P.*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005)); *see also Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004) (explaining that all material allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party).

---

[1] The factual background is based on the averments in the complaint, which must be taken as true for purposes of a motion for judgment on the pleadings. The Court also considers the "Notice of Release" attached as Exhibit A to the Declaration of Erin Kuka because Smith "necessarily relies" on that document for purposes of his complaint and the authenticity of the document is not contested. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). Even though the "Notice of Release" is not explicitly incorporated in Smith's complaint, consideration is appropriate in light of the policy of "[p]reventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Id*.

## IV. DISCUSSION

Smith brings suit, presumably under 42 U.S.C. § 1983, for violations of his First and Fourteenth Amendment rights. He avers he was denied "equal protection under the law" and the "right to petition" because he was not offered the same appeal procedures available to other classes of MTA employees when he was released from his probationary appointment. Comp. at 1-2. He alleges that the San Francisco Civil Service Rules governing the release of employees during probationary periods are unconstitutional because they do not include the same appeal procedures available to "Service Critical Class" employees. Defendant moves for judgment on the pleadings on a two grounds, arguing: (1) the statute of limitations has run on Plaintiff's claims and (2) the complaint fails to allege sufficient facts to state a claim. Although both of these contentions appear to have merit, even a brief examination of Defendant's first argument suffices to show that Smith's claims must be dismissed with prejudice.

Defendant argues that the statute of limitations has run. The limitations period for actions under § 1983 corresponds to that for personal injury claims in the forum state. *See Taylor v. Regents of Univ. of California*, 993 F.2d 710, 711 (9th Cir. 1993). California law requires that a plaintiff claiming personal injuries bring suit within two years of the date of injury. *See* Cal. Code Civ. Proc. § 335.1. It follows that a two year statute of limitations applies to Smith's claims.

"A statute of limitations under § 1983 ... begins to run when the cause of action accrues, which is when the plaintiffs know or have reason to know of the injury that is the basis of their action." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002); *see also Scheer v. Kelly*, 817 F.3d 1183, 1188 (9th Cir. 2016) (citing *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) (the statute of limitations for facial challenges brought under 42 U.S.C. § 1983—outside the context of property rights—begins to accrue when a plaintiff "knows or has reason to know of the actual injury"). Here, Smith's release from his probationary appointment on April 16, 2010 was the operative decision that caused his injury. On that day, Smith was put "on notice" of the City's alleged violations; he then knew or should have known of the injury that is the basis of his claim. Smith commenced this action on September 30, 2015, more than five years after his release. Accordingly, Smith's claims are untimely and barred.

## V. CONCLUSION

For the reasons stated, Defendant's motion is granted. Plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: September 16, 2016

_____
RICHARD SEEBORG
United States District Judge